IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SAMMY LEE PENDLETON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 13-3394-CV-H-MDH |
| WARDEN LINDA SANDERS, | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATIONS OF UNITED STATE MAGISTRATE JUDGE**

Petitioner, Sammy Lee Pendleton, an inmate confined in the United States Medical Center for Federal Prisoners (USMCFP), petitions this Court for a writ of habeas corpus. The *pro se* petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because the Petitioner is not entitled to the relief he seeks, it will be recommended that the petition be **DISMISSED**.[1]

**BACKGROUND**

Pendleton was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246 by United States District Judge for the Western District of Missouri, Richard E. Dorr. *See United States v. Pendleton*, 09-cv-03113-RED (W.D. Mo. filed October 7, 2009). The Court of Appeals for the Eighth Circuit affirmed Pendleton's commitment. *See United States v. Pendleton*, 393 F. App'x 416 (8th Cir. 2010).

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court directs the Court to conduct a preliminary review of a habeas petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

In his handwritten *pro se* petition for writ of habeas corpus, Pendleton asserts two claims: 1) that he is being detained unconstitutionally and 2) that physicians at USMCFP have "experimented on" him by prescribing mood-altering medications, and Dr. Mahmood Chowdry refuses to give him medicine for rheumatoid arthritis (Doc. 1).

## DISCUSSION

*Pendleton's commitment is constitutional.*

Commitment under 18 U.S.C. § 4246 is appropriate when release of a federal prisoner would pose a substantial risk of bodily injury to another person or serious damage to the property of another. The government is required to show by clear and convincing evidence that the inmate suffers from a mental disease or defect; would be dangerous if released; and suitable state placement cannot be found. *See United States v. Williams*, 299 F.3d 673, 676 (8th Cir. 2002).

The undersigned has thoroughly reviewed the record, and recommends that Pendleton is not entitled to relief on his claims that his constitutional rights have been violated. The record establishes that Pendleton was afforded the full panoply of due process rights at each stage of the commitment process, including examinations by an independent mental health examiner and hearings where he was represented by counsel and afforded the opportunity to testify on his own behalf. Notably, the Court has already found constitutional Pendleton's commitment pursuant to 18 U.S.C. § 4246. *See Pendleton v. Castillo*, Case No. 6:12-cv-03166 (W.D. Mo. filed March 26, 2012). Because the undersigned believes that *res judicata* applies to Pendleton's claim, and because the undersigned finds no merit to his claim, it is recommended that Pendleton's challenge to his commitment under 18 U.S.C. § 4246 be dismissed.

*Pendleton's claims regarding medical treatment must be raised in a civil rights action.*

Pendleton's claims that he is receiving improper or inadequate medical treatment should be raised in an action brought pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388

2

Case 6:13-cv-03394-MDH   Document 4   Filed 04/13/15   Page 2 of 3

(1971), not in a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1971) (holding that purpose of habeas corpus is to challenge duration or length, but not conditions of confinement). Even if the Court were inclined to consider Pendleton's allegations of improper or inadequate medical treatment in this habeas action as if it were properly raised under *Bivens*, the Court would be required to dismiss the claim on a number of grounds. First, Pendleton has not demonstrated that he exhausted his administrative remedies as he must prior to filing a civil rights claim. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Second, Pendleton did not name as defendants the physicians allegedly responsible for providing him improper or inadequate medical treatment. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (liability under *Bivens* is limited to individual government officials in their personal capacities). The warden is the proper respondent in this habeas action. The Supreme Court has declined to extend liability under *Bivens* to employers or supervisors under a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). To make out a *Bivens* claim, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*, 556 U.S. at 676. *See also Wilson v. Northcutt*, 441 F.3d 586, 591 (8th Cir. 2006). Accordingly, the undersigned recommends that Pendleton's claims regarding medical treatment should be dismissed without prejudice to the proper filing of the claims in a civil rights action pursuant to *Bivens*.

## CONCLUSION

Therefore, based on all the foregoing, **IT IS HEREBY RECOMMENDED** that the petition for writ of habeas corpus be **DISMISSED**.

**DATED: April 13, 2015**

    /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**

3
Case 6:13-cv-03394-MDH   Document 4   Filed 04/13/15   Page 3 of 3